UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TINA LESH,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CASE NO. 3:25-cv-05937-JNW

ORDER REVERSING AND REMANDING COMMISSIONER'S DECISION

## 1. INTRODUCTION

Plaintiff Tina Lesh seeks judicial review of the Social Security Commissioner's denial of her applications for disability insurance benefits and supplemental security income. Having reviewed the parties' briefs, Dkt. Nos. 12, 14, and the administrative record, the Court REVERSES the Commissioner's decision and REMANDS for further proceedings under sentence four of 42 U.S.C. § 405(g).

## 2. LEGAL STANDARD

"Under 42 U.S.C. § 405(g), this Court may overturn the Commissioner's denial of social security benefits if the ALJ's decision rests on legal error or is not

supported by substantial evidence." *Elizabeth G. v. Comm'r of Soc. Sec.*, No. C24-2025-MLP, 2025 WL 1519230, at *1 (W.D. Wash. May 27, 2025) (citing *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Biestek v. Berryhill*, 587 U.S. 97, 102–03 (2019) (citation modified)). The threshold is not high, but it is real. "In applying this standard, the Court must consider the record as a whole to determine whether it contains sufficient evidence to support the ALJ's findings." *Id.*

The administrative law judge ("ALJ") is responsible for resolving ambiguities in the medical evidence, and if the evidence can be interpreted in more than one rational way, the ALJ's decision must be upheld. *Smartt*, 53 F.4th at 494; *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004) ("When evidence reasonably supports either confirming or reversing the ALJ's decision, [the reviewing court] may not substitute [its] judgment for that of the ALJ."). Reversal is warranted only if the ALJ erred, and the error affected the outcome of the disability determination. *See Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The party challenging the ALJ's decision bears the burden of demonstrating harmful error. *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

To determine whether a claimant is disabled, the ALJ works through five steps, asking: (1) whether the claimant is engaged in "substantial gainful activity"; (2) whether they have a "severe medically determinable physical or mental impairment" or combination of impairments that has lasted for more than twelve months; (3) whether an impairment "meets or equals" one of the listings in the

regulations; (4) whether, given their residual functional capacity ("RFC"), they can perform "past relevant work"; and (5) whether they "can make an adjustment to other work." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), *superseded by regulation on other grounds*; *see* 20 C.F.R. § 404.1520(a). The residual functional capacity—the RFC—is the most a claimant can still do despite their limitations. 20 C.F.R. § 404.1545(a)(1); *see Ford*, 950 F.3d at 1149. The ALJ builds it from the whole record and "is not free to disregard properly supported limitations." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006).

## 3. BACKGROUND

Lesh applied for disability insurance benefits and supplemental security income on November 14, 2022, alleging disability beginning September 28, 2022. AR 82. The agency denied the claims initially on July 31, 2023, AR 92, and again on reconsideration on May 6, 2024. AR 117. Lesh then requested a hearing, which the ALJ held by telephone on January 22, 2025, taking testimony from Lesh and from a vocational expert. AR 50–81. The ALJ issued an unfavorable decision on March 14, 2025, AR 14–16, and the Appeals Council denied review on August 20, 2025, making the ALJ's decision final. AR 1–3. This appeal followed.

## 4. DISCUSSION

### 4.1 The ALJ discounted Lesh's testimony about sustained hand use without clear and convincing reasons.

Where a claimant offers objective medical evidence of an impairment that could produce their symptoms, and the ALJ finds no malingering, the ALJ may

discount the claimant's testimony about the severity of those symptoms only for specific, clear, and convincing reasons. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The ALJ cleared the first step here, finding that Lesh's impairments "could reasonably be expected to cause the alleged symptoms." AR 29. So the second step governs, and it asks for more than a recitation of the medical record. An ALJ "does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015). The ALJ must identify the testimony she discounts and explain what evidence undermines it. *Id.* at 493–94; *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001).

Lesh's testimony was about endurance, not ability. She never said she cannot use her hands. Asked how long she could use them for "manipulating or handling" something light—washing dishes was the example—she answered, "Probably about five to ten minutes." AR 68. Asked what happens then, she said, "It's just it's too painful, way too painful, and the pain will shoot up into my elbows." AR 69. She gave the same answer about standing, walking, and sitting upright: five to ten minutes at a stretch. AR 67. She can lift "four to five pounds," and "[s]ix is pushing it." AR 68. Out of an eight-hour block, she spends four to five hours lying down. AR 67–68.

The ALJ gave two reasons for setting that testimony aside: "the relative lack of more clinically significant findings on examinations conducted," and Lesh's reported daily activities. AR 29. As to the first, the decision catalogs what Lesh

could do in an examination room. She had a full range of motion in her wrists and hands. She could make a fist. She could grasp and manipulate large and small objects and oppose her thumbs normally. Phalen's and Tinel's testing was negative, and she had no thenar atrophy. AR 25–26. Every one of those findings describes a single movement at a single moment. Lesh never claimed she could not make a fist or pick something up. She claimed she cannot keep doing it. Nothing in the decision explains why performing these movements once in an examination room shows that Lesh can repeat them through a workday. That is the defect *Brown-Hunter* describes: a summary of the medical evidence, a conclusion, and no link drawn between them. 806 F.3d at 494.

The decision's own treatment of Lesh's hands sharpens the point. The ALJ found that later treatment records "demonstrated right hand degeneration," and on that basis added a "fingering and feeling" limitation that no reviewer at the initial level had imposed. AR 30. The same evidence produced no limit at all on gross manipulation, and the decision says nothing about why.

The Commissioner answers that the standard "isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt*, 53 F.4th at 499; Dkt. No. 14 at 4. That is right, and the Court applies it. But *Smartt* also holds that the clear-and-convincing standard "requires an ALJ to show [her] work." 53 F.4th at 499. The ALJ in *Smartt* did show her work, tying the claimant's reported activities to the capacities that competitive work demands. *Id*. at 499–500. The ALJ here named a category of evidence and announced a conclusion.

The Commissioner separately argues that Lesh forfeited any challenge to the ALJ's reliance on her daily activities, because her opening brief does not mention them. Dkt. No. 14 at 8 (citing *Nadon v. Bisignano*, 145 F.4th 1133, 1138 (9th Cir. 2025)). The Court need not decide the point. When an ALJ offers several specific reasons and some prove invalid, a reviewing court asks whether the decision "remains legally valid, despite such error." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008). That inquiry presupposes reasoning the court can review. Here, as in *Brown-Hunter*, the agency's path cannot reasonably be discerned, because the ALJ never identified the testimony she was rejecting or tied any evidence to it. 806 F.3d at 494. The list of activities the decision recites—caring for pets, preparing meals, small loads of laundry, vacuuming, washing dishes, driving, shopping—cannot supply the missing link, because the decision never says which testimony those activities contradict, or how. AR 29–30.

### 4.2 Because the RFC left handling out, the step-five finding cannot stand.

At step two, the ALJ found that Lesh has several severe impairments, including seropositive rheumatoid arthritis and degenerative disease of the finger. AR 19. When she built the RFC, she addressed the hands in part: Lesh "can frequently finger and feel." AR 22. But fingering and feeling are not the whole of what a person does with her hands. Handling—the gross manipulation of objects, as opposed to the fine work of fingering—is a separate function, and the agency's own assessment forms treat it as one. AR 113, 125. The RFC limited fingering and feeling. It set no limit on handling at all. AR 22.

The hypothetical the ALJ put to the vocational expert tracked the RFC, so it too limited fingering and feeling and said nothing about handling. AR 76. On that hypothetical, the expert named three jobs: hand packager, collator operator, and router. AR 35, 76–77. Lesh's lawyer then asked the question the RFC had left open: "If the individual was limited in manipulation or handling to occasional, could they perform the jobs you've named?" The expert answered, "No." AR 79. Every job the ALJ relied on depends on Lesh being able to handle objects more than occasionally.

A step-five finding cannot rest on vocational expert testimony that omits a limitation the ALJ has not validly rejected. "If a vocational expert's hypothetical does not reflect all the claimant's limitations, then the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy." *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012) (quoting *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993)). *Embrey v. Bowen* puts the rule in the form this case takes—unless the record shows the ALJ had adequate reasons for disbelieving a claimant's testimony about subjective limitations such as pain, "those limitations must be included in the hypothetical in order for the vocational expert's testimony to have any evidentiary value." 849 F.2d 418, 423 (9th Cir. 1988). The ALJ gave no adequate reason for setting aside Lesh's testimony about how long she can use her hands. The hypothetical thus failed to capture all of her limitations, and the testimony it produced cannot carry the Commissioner's burden at step five.

Nor was the omission harmless. An incomplete hypothetical is not harmless where a proper one "would have included limitations which, the record suggests,

would have been determinative as to the vocational expert's recommendation." *Robbins*, 466 F.3d at 886. Ordinarily that calls for some prediction about how the expert would have answered. Here no prediction is needed, because the expert already answered—she testified that a person limited to occasional handling could not perform any of the three jobs. AR 79.

### 4.3 The Court does not reach the medical opinions.

Lesh also challenges the ALJ's rejection of three medical opinions: those of head and neck surgeon Neal Futran, primary-care provider Heather Novak, and consultative examiner Omar Gonzalez. AR 31–32; Dkt. No. 12 at 4–5. The Court does not reach those arguments. A reassessed RFC may change how each opinion fits the record, so the ALJ should take all three up again on remand under the supportability-and-consistency standard the regulations require. *See Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022). The Court expresses no view on how any of these questions should come out.

## 5. CONCLUSION

The Court REVERSES the Commissioner's decision and REMANDS under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Order. On remand, the ALJ must reconsider Lesh's symptom testimony, reassess her RFC, obtain vocational expert testimony on a hypothetical that incorporates the reassessed RFC, and reconsider the medical opinions of Futran, Novak, and Gonzalez. The Clerk is DIRECTED to enter judgment for Plaintiff and close the case.

Dated this 24th day of September, 2026.

Jamal N. Whitehead
United States District Judge